IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN MILLS<br>PHILADELPHIA, PA | : | CIVIL ACTION |
| | : | |
| **Plaintiff** | : | No. |
| | : | |
| v. | : | |
| | : | |
| THE CITY OF PHILADELPHIA<br>1515 MARKET STREET, 14TH FLOOR<br>PHILADELPHIA, PA 19104<br>and<br>POLICE OFFICER CHRISTOPHER HULMES<br>BADGE NUMBER 7548<br>PHILADELPHIA POLICE DEPARTMENT<br>1515 ARCH STREET, 15TH FLOOR<br>PHILADELPHIA, PA 19102<br>and<br>POLICE OFFICER REILLY<br>PHILADELPHIA POLICE DEPARTMENT<br>1515 ARCH STREET, 15TH FLOOR<br>PHILADELPHIA, PA 19102<br>and<br>POLICE OFFICER FAGAN<br>PHILADELPHIA POLICE DEPARTMENT<br>1515 ARCH STREET, 15TH FLOOR<br>PHILADELPHIA, PA 19102<br>and<br>POLICE OFFICER SANTIAGO<br>PHILADELPHIA POLICE DEPARTMENT<br>1515 ARCH STREET, 15TH FLOOR<br>PHILADELPHIA, PA 19102<br>and<br>POLICE OFFICER MCCAULEY<br>PHILADELPHIA POLICE DEPARTMENT<br>1515 ARCH STREET, 15TH FLOOR<br>PHILADELPHIA, PA 19102<br>and<br>JOHN DOE POLICE OFFICERS<br>PHILADELPHIA POLICE DEPARTMENT<br>1515 ARCH STREET, 15TH FLOOR<br>PHILADELPHIA, PA 19102<br>and | : | JURY TRIAL DEMANDED |

1

```
DEPUTY COMMISSIONER                    :
THOMAS WRIGHT                          :
PHILADELPHIA POLICE DEPARTMENT         :
1515 ARCH STREET, 15TH FLOOR           :
PHILADELPHIA, PA 19102                 :
         and                           :
LIEUTENANT ROBERT OTTO                 :
PHILADELPHIA POLICE DEPARTMENT         :
1515 ARCH STREET, 15TH FLOOR           :
PHILADELPHIA, PA 19102                 :
                    Defendants         :
                                       :
```

# COMPLAINT

## I. Introduction

1. This is an action for damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution against Defendants Former Police Officer Christopher Hulmes, Police Officer Reilly, Police Officer Fagan, Police Officer Santiago, Police Officer McCauley, and John Doe Philadelphia Police Officers, in their individual capacity, Defendants, Deputy Commissioner Thomas Wright and Lieutenant Robert Otto, in their official capacities, and the City of Philadelphia as a result of Plaintiff's unlawful arrest by Defendant Hulmes due to the policies, customs, practices, and deliberate indifference of Defendant City of Philadelphia.

## II. Jurisdiction and Venue

2. This Court has jurisdiction over claims brought under § 1983 pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper under 28 U.S.C. § 1391(b) because the cause of action upon which this Complaint is based arose in Philadelphia, Pennsylvania, within Philadelphia County, which is in the Eastern District of Pennsylvania.

### III. Parties

4. Plaintiff, Sean Mills, is an adult resident of the Commonwealth of Pennsylvania, residing as captioned.

5. Defendant, Christopher Hulmes was at all relevant times, a police officer employed by the Philadelphia Police Department and is being sued in his individual capacity.

6. Defendant, Police Officer Reilly, was at all relevant times, a police officers employed by the Philadelphia Police Department and is being sued in his individual capacity.

7. Defendant, Police Officer Fagan, was at all relevant times, a police officer employed by the Philadelphia Police Department and is being sued in his individual capacity.

8. Defendant, Police Officer Santiago, was at all relevant times, a police officer employed by the Philadelphia Police Department and is being sued in his individual capacity.

9. Defendant, Police Officer McCauley, was at all relevant times a police officer employed by the Philadelphia Police Department and is being sued in his individual capacity.

10. Defendant, John Doe Police Officers, were at all relevant times, police officers employed by the Philadelphia Police Department and are being sued in their individual and official capacities.

11. Defendant, Deputy Commissioner Thomas Wright, was at all relevant times, a police officer/deputy commissioner employed by the Philadelphia Police Department and is being sued in his official capacity.

12. Defendant, Lieutenant Robert Otto, was at all relevant times, a police officer/lieutenant employed by the Philadelphia Police Department and is being sued in his official capacity.

13. At all relevant times, Defendant Hulmes was acting in the course and scope of his employment and under color of state law pursuant to the statutes, regulations, ordinances, rules, practices, policies, and customs of the Commonwealth of Pennsylvania and Defendant, City of Philadelphia.

14. At all relevant times, Defendant Reilly was acting in the course and scope of his employment and under color of state law pursuant to the statutes, regulations, ordinances, rules, practices, policies, and customs of the Commonwealth of Pennsylvania and Defendant, City of Philadelphia.

15. At all relevant times, Defendant Fagan was acting in the course and scope of his employment and under color of state law pursuant to the statutes, regulations, ordinances, rules, practices, policies, and customs of the Commonwealth of Pennsylvania and Defendant, City of Philadelphia.

16. At all relevant times, Defendant Santiago was acting in the course and scope of his employment and under color of state law pursuant to the statutes, regulations, ordinances, rules, practices, policies, and customs of the Commonwealth of Pennsylvania and Defendant, City of Philadelphia.

17. At all relevant times, Defendant McCauley was acting in the course and scope of his employment and under color of state law pursuant to the statutes, regulations, ordinances, rules, practices, policies, and customs of the Commonwealth of Pennsylvania and Defendant, City of Philadelphia.

18. At all relevant times, Defendants, John Doe Philadelphia Police Officers, were acting in the course and scope of their employment and under color of state law pursuant to the

statutes, regulations, ordinances, rules, practices, policies, and customs of the Commonwealth of Pennsylvania and Defendant, City of Philadelphia.

19. At all relevant times, Defendant, Deputy Commissioner Thomas Wright, was responsible for overseeing the conduct of the Philadelphia Police Department, Narcotics Division, including Defendants, Otto, Hulmes, Reilly, Fagan Santiago, McCauley, and John Doe Police Officers and had authority regarding the actions governing the conduct of Philadelphia Police Officers working within the Narcotics Division including the supervision and discipline of Philadelphia Police Officers working within the Narcotics Division, including Defendants, Otto, Hulmes, Reilly, Fagan Santiago, McCauley, and John Doe Police Officers.

20. At all relevant times, Defendant, Lieutenant Robert Otto, was responsible for overseeing the conduct of the Philadelphia Police Department, Narcotics Division, including Defendants, Hulmes, Reilly, Fagan Santiago, McCauley, and John Doe Police Officers and had authority regarding the actions governing the conduct of Philadelphia Police Officers working within the Narcotics Division including the supervision and discipline of Philadelphia Police Officers working within the Narcotics Division, including Defendants, Hulmes, Reilly, Fagan Santiago, McCauley, and John Doe Police Officers.

21. Defendant, City of Philadelphia, is a municipal corporation organized under the laws of the Commonwealth of Pennsylvania, with a main office/principal place of business located as captioned.

22. At all relevant times, Defendant City of Philadelphia acted or failed to act by and through its officers, agents, servants, and employees, such as Defendant Hulmes and other

5

members of the Narcotics Division, then and there acting within the course and scope of their agency, servanthood, and employment and under color of state law.

23. At all relevant times, Defendant City of Philadelphia, was charged with the responsibility of testing, hiring, training, and supervising members of the Philadelphia Police Department, including Defendants Hulmes, Reilly, Fagan, Santiago, McCauley and the John Doe Philadelphia Police Officers.

### IV. Operative Facts

24. On or about August 10, 2013, Plaintiff was arrested by members of the Narcotics Strike Force North, including Defendants Hulmes, Reilly, Fagan, Santiago, McCauley and the John Doe Philadelphia Police Officers for alleged possession of a controlled substance with intent to distribute and knowing or intentional possession of a controlled substance.

25. At all relevant times, Plaintiff was not in actual or constructive possession of any controlled substances, nor did he distribute, attempt to distribute, intend to distribute, conspire to distribute, or act as an accomplice to another intending to distribute any controlled substance.

26. At all relevant times, Plaintiff did not act or fail to act in any manner that would, in the totality of the circumstances, create probable cause to search or seize his person or property.

27. Defendant Hulmes lied to justify Plaintiff's arrest in both the police paperwork he prepared and in his testimony against Sean Mills at Plaintiff's preliminary hearing.

28. Plaintiff was prosecuted by the Philadelphia District Attorney's Office on charges of possession with intent to deliver a controlled substance and knowing or intentional

possession of a controlled substance under 35 P.S. §§ 780-113(a)(16) and (a)(30) on docket numbers MC-51-CR-0030967-2013 and CP-51-CR-0013251-2013.

29. Plaintiff's case was terminated in his favor on December 6, 2019, when the Philadelphia Court of Common Pleas granted the Philadelphia District Attorney's motion for *nolle prosequi* due to Defendant Hulmes' well known and documented history of perjury, falsifying police paperwork, and fabricating facts to justify arrests.

30. As a result of his arrest facilitated by Defendant Hulmes, Plaintiff was incarcerated for approximately twenty (20) days and was sentenced to four (4) years of probation.

31. Defendant City of Philadelphia created a *de facto* policy of and/or was deliberately indifferent to police officers, specifically Narcotics Division police officers including Defendant Hulmes, lying under oath to justify baseless arrests, as indicated by the well known and documented unlawful acts of Jeffrey Walker, Thomas Liciardello, Perry Betts, Brian Spicer, Linwood Norman, John Speiser, Thomas Tolstoy, Jeffrey Cujdik, Richard Cujdik, Matthew Walsh, Marvin Jones, and the now notorious *The Five Squad* narcotics unit, amongst many others.

32. Defendant, City of Philadelphia, allowed Defendant Hulmes to continue in his employment as a police officer within the Narcotics Division, without censure for years before and after Plaintiff's arrest despite supervisors and policymakers knowing of his perjury, false police reports, and fabrications that took place before and after Plaintiff, Sean Mills' arrest.

33. In that time, Defendant Hulmes, under color of state law and acting in the course and scope of his employment with Defendant, City of Philadelphia, pursuant to the statutes, regulations, ordinances, rules, practices, policies, and customs of the Commonwealth of

Pennsylvania and Defendant City of Philadelphia, arrested thousands of individuals, such as Plaintiff.

34. Assistant District Attorney Katie Surrick reported Defendant Hulmes to the Philadelphia Police Department's Internal Affairs Division ("IAD") for fabricating facts in a criminal case, but despite overwhelming evidence and a statement of an Assistant District Attorney, and more importantly, an **Officer of the Court**, IAD ignored the irrefutable evidence, whitewashed the investigation, and found in favor of Defendant Hulmes, indicating a practice, policy, custom, and/or deliberate indifference to police officers lying to justify arrests.

35. IAD was found to have tried to alter an official cause of death in relation to a police officers killing a civilian, indicating a practice, policy, or custom of hiding police misconduct and protecting police officers who commit misconduct.

36. Defendant, City of Philadelphia, maintains a policy, practice, or custom of acquiescing to unconstitutional conduct of Philadelphia Police Officers, specifically those assigned to the Narcotics Division, including Defendants Hulmes, Reilly, Fagan, Santiago, McCauley and the John Doe Philadelphia Police Officers.

37. Defendant, City of Philadelphia, failed to adequately train Philadelphia Police Officers, including Defendants Hulmes, Reilly, Fagan, Santiago, McCauley and the John Doe Philadelphia Police Officers, regarding the requirements of the Fourth Amendment.

38. Defendant, Deputy Commissioner Thomas Wright, failed to adequately supervise and/or discipline Philadelphia Police Officers including those working within the Narcotics Division, including Defendants Hulmes, Reilly, Fagan, Santiago, McCauley and the John Doe Philadelphia Police Officers, for violating the Fourth Amendment, and more

specifically, for violating the Fourth Amendment rights of the Plaintiff and other citizens of Philadelphia, in the ways alleged in this Complaint.

39. Defendant, Lieutenant Robert Otto, failed to adequately supervise and/or discipline Philadelphia Police Officers including those working within the Narcotics Division, including Defendants Hulmes, Reilly, Fagan, Santiago, McCauley and the John Doe Philadelphia Police Officers, for violating the Fourth Amendment, and more specifically, for violating the Fourth Amendment rights of the Plaintiff and other citizens of Philadelphia, in the ways alleged in this Complaint.

40. Defendant City of Philadelphia has for years maintained and promoted practices, policies, and customs, and/or has deliberately indifferent to the Philadelphia Police Department's corruption and criminality in the Narcotics Division. This has been caused by, *inter alia*, inadequate supervision, inadequate investigation of complaints against police officers in the Narcotics Division, IAD routinely failing to investigate or censure police misconduct in the Narcotics Division, and contractual negotiations with a police union that prevented adequate censure of police misconduct the Narcotics Division and lead to reinstatement of officers found to have committed serious violations of law.

41. The practices, policies, and customs and/or deliberate indifference of Defendant City of Philadelphia are evidenced by the 1990's scandal in which it was found that officers of the Philadelphia Police Department's 39th District, specifically the Philadelphia Police Detective's Special Narcotics Unit know and *The Five Squad* routinely lied, falsified sworn police paperwork, and covered up police misconduct. Around 300 criminal convictions were overturned as a result, but Defendant, City of Philadelphia failed to punish any of the officers involved forcing the FBI to prosecute.

42. The practices, policies, and customs and/or deliberate indifference of Defendant, City of Philadelphia, specifically as it relates to the Narcotics Division, are further evidenced by the dishonest and fabricated police paperwork that has continually gone unpunished for many years. For example, Officers Angel Ortiz and Deirtra Cuffie, members of the Narcotics Field Unit, falsified police paperwork that formed the basis of the prosecution of James Singleton for allegedly possessing a large amount of heroin on docket numbers MC-51-CR-0037492-2011 and CP-51-CR-0010836-2011. Officer Cuffie faced no censure and the Philadelphia Police Department sought to hide a public hearing on Officer Ortiz's misconduct from the public.

43. As a direct and proximate result of the aforementioned acts and failures to act of Defendants, Plaintiff suffered deprivation of his freedom, fear, humiliation, anguish, and distress and will continue to do so for an indefinite time, to his great detriment and loss.

44. As a direct and proximate result of the aforementioned acts and failures to act of Defendants, Plaintiff incurred various expenses such as attorney's fees to defend his unlawful arrest, as well as court costs and fines.

45. As a direct and proximate result of the aforementioned acts and failures to act of Defendants, Plaintiff suffered the following harms:

   A. Violation of his clearly established and well-settled constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure;

   B. Loss of physical liberty;

   C. Fear, humiliation, anguish, embarrassment, and distress; and

   D. Lost earnings and earning capacity.

## COUNT I
### FEDERAL CONSTITUTIONAL CLAIM - MALICIOUS PROSECUTION
### PLAINTIFF v. DEFENDANT, CHRISTOPHER HULMES

46. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

47. Defendant Hulmes initiated a criminal proceeding against Plaintiff without probable cause by fabricating police paperwork and testifying falsely against Plaintiff.

48. Defendant Hulmes acted maliciously and/or for a purpose other than bringing Plaintiff to justice when he initiated proceedings against him.

49. The proceeding ended in Plaintiff's favor.

50. Plaintiff suffered a deprivation of liberty consistent with the constitutional concept of a seizure.

## COUNT II
### FEDERAL CONSTITUTIONAL CLAIM - SUPERVISOR LIABILITY
### PLAINTIFF v. DEFENDANT, DEPUTY COMMISSIONER THOMAS WRIGHT

51. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

52. Defendant, Deputy Commissioner Thomas Wright, was in charge of Specialized Investigations & Homeland Security, which includes the Narcotics Division, and was a Senior Member of the Philadelphia Police Department.

53. Defendant, Deputy Commissioner Thomas Wright, a senior member of the Philadelphia Police Department, participated in violating, directed others to violate, and/or had knowledge of and acquiesced in the members of the Philadelphia Police Department, Narcotics Strike Force North's constitutional violations, all of which were in violation of the Plaintiff's Fourth Amendment Rights.

11

54. Defendant, Deputy Commissioner Thomas Wright, maliciously, intentionally, and/or recklessly and with deliberate indifference, failed to intervene and halt the unconstitutional conduct of any and all of the above named Defendants, resulting in Plaintiff sustaining the injuries as set forth above.

55. The above-described actions of the Defendant, Deputy Commissioner Thomas Wright, in his official capacity, were malicious, intentional, and reckless and displayed such a reckless indifference to the Plaintiffs' rights and well-being.

## COUNT III
## FEDERAL CONSTITUTIONAL CLAIM - SUPERVISOR LIABILITY
## PLAINTIFF v. DEFENDANT, LIEUTENANT ROBERT OTTO

56. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

57. Defendant, Lieutenant Robert Otto, was a supervisor in charge of members of the Philadelphia Police Narcotics Division and was a member of the Philadelphia Police Department.

58. Defendant, Lieutenant Robert Otto, a supervisor in the Philadelphia Police Department, Narcotics Division, participated in violating, directed others to violate, and/or had knowledge of and acquiesced in the members of the Philadelphia Police Department, Narcotics Strike Force North's constitutional violations, all of which were in violation of the Plaintiff's Fourth Amendment Rights.

59. Defendant, Lieutenant Robert Otto, maliciously, intentionally, and/or recklessly and with deliberate indifference, failed to intervene and halt the unconstitutional conduct of any and all of the above-named Defendants, resulting in Plaintiff sustaining the injuries as set forth above.

60. The above-described actions of the Defendant, Lieutenant Robert Otto, in his official capacity, were malicious, intentional, and reckless and displayed such a reckless indifference to the Plaintiffs' rights and well-being.

## COUNT IV
## FEDERAL CONSTITUTIONAL CLAIM - BYSTANDER LIABILITY
## PLAINTIFF v. DEFENDANTS REILLY, FAGAN, SANTIAGO, MCCAULEY, AND JOHN DOE PHILADELPHIA POLICE OFFICERS

61. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

62. Defendants, Reilly, Fagan, Santiago, McCauley, and John Doe Philadelphia Police Officers were present when the Plaintiff's Fourth Amendment rights were being violated and had a duty to stop the unconstitutional seizure against the Plaintiffs.

63. Defendants, Reilly, Fagan, Santiago, McCauley, and John Doe Philadelphia Police Officers knew or had reason to know that the Plaintiff's Fourth Amendment rights were being violated, and had realistic opportunity to intervene and prevent the violation of the Plaintiff's Fourth Amendment rights and resulting harm from occurring, but failed to do so.

64. The above-described actions of the Defendants, Reilly, Fagan, Santiago, McCauley, and John Doe Philadelphia Police Officers, in their individual capacities, were so malicious, intentional, and reckless and displayed such a reckless indifference to the Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

## COUNT V
## FEDERAL CONSTITUTIONAL CLAIM - CONSPIRACY
## PLAINTIFF v. DEFENDANTS HULMES. REILLY, FAGAN, SANTIAGO, MCCAULEY, AND JOHN DOE PHILADELPHIA POLICE OFFICERS

65. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

66. As demonstrated by their concerted action and conduct, Defendants Hulmes, Reilly, Fagan, Santiago, McCauley and John Doe Philadelphia Police Officers, entered into an agreement and/or reached a meeting of the minds to frame, seize, then arrest and prosecute Plaintiff for drug distribution, without a warrant, probable cause, or reasonable suspicion in violation of the Plaintiff's rights under the Fourth Amendment.

67. As a direct and proximate result of the agreement between the aforementioned Defendants, Plaintiff's constitutional rights under the Fourth Amendment were violated and the Plaintiffs suffered the harm detailed above.

68. The above-described actions of the Defendants Hulmes, Reilly, Fagan, Santiago, McCauley and John Doe Philadelphia Police Officers, in their individual capacities, were so malicious, intentional, and reckless and displayed such a reckless indifference to the Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

## COUNT V
## MONELL CLAIM
## PLAINTIFF v. CITY OF PHILADELPHIA

69. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

70. Plaintiff believes and therefore avers that Defendant, City of Philadelphia, who exercised final decision-making authority in all areas relevant to Plaintiff's claims, has adopted and maintained for years a recognized and accepted policy, practice, and custom of

condoning and/or acquiescing to narcotics division officers using entering homes illegally, conducting illegal searches and seizures, and malicious prosecution of citizens, subjecting citizens to the same treatment suffered by Plaintiff, which violates the Fourth and Fourteenth Amendments of the United States Constitution.

71. Plaintiff believes and therefore avers that Defendant, City of Philadelphia, who exercised final decision-making authority in all areas relevant to Plaintiff's claims, has adopted and maintained for years a recognized and accepted policy, practice, and custom of systematically failing to properly train, supervise, and discipline police officers, including those in the Narcotics Division and the individually named Defendants, regarding constitutional constraints on search, seizure, and falsification of evidence, which violates the Fourth and Fourteenth Amendments of the United States Constitution.

72. Plaintiff believes and therefore avers that Defendant, City of Philadelphia, who exercised final decision-making authority in all areas relevant to Plaintiff's claims, has adopted and maintained for years a recognized and accepted policy, practice, and custom of systematically failing to properly train, supervise, and discipline police officers, including those in the Narcotics Division and the individually named Defendants, in such a way as to reduce or restrain the members of the Philadelphia Police Department, unlawfully searching and seizing individuals and falsifying evidence for purposes of maliciously prosecuting innocent citizens.

73. Plaintiff believes and therefore avers that Defendant, City of Philadelphia, who exercised final decision-making authority in all areas relevant to Plaintiff's claims, has been deliberately indifferent to the rights of citizens of Philadelphia, to be free from police officers conducting unlawful searches and seizures, and fabricating evidence whilst

working on narcotics' surveillance, and said indifference violates Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

74. Plaintiff believes and therefore avers that Defendant, City of Philadelphia, who exercised final decision-making authority in all areas relevant to Plaintiff's claims, has adopted and maintained for years a recognized and accepted policy, practice, and custom of failing to properly investigate matters involving law enforcement officers conducting unlawful searches and seizures, and falsifying evidence, whilst working on narcotics' surveillance, which allows and results in encouraging police officers to continue violating constitutional constraints.

75. Plaintiff believes and therefore avers that Defendant, City of Philadelphia, who exercised final decision-making authority in all areas relevant to Plaintiff's claims, was aware of the aforementioned policies, practices, and customs for a substantial period of time, and despite that knowledge, they failed to take steps to terminate said practices, failed to properly supervise or discipline the individually named Defendants, failed to effectively train Narcotics Division officers with regard to the legal limits on their authority and instead sanctioned, acquiesced, and/or were deliberately indifferent to the policies, practices, and customs that violated the constitutional rights of individuals such as Plaintiff.

76. Plaintiff believes and therefore avers that Defendant, City of Philadelphia, who exercised final decision-making authority in all areas relevant to Plaintiff's claims, knew or should have known of the aforementioned policies, practices, and customs of the Philadelphia Police Department - Narcotics Division, and they deliberately, intentionally, and

knowingly failed to take steps to terminate or limit said policies, practices, and customs, including but not limited to:

    A. Failure to restrain warrantless searches unlawful seizures of persons and falsification of evidence by members of the Philadelphia Police Department - Narcotics Division;

    B. Failure to properly train, test, and/or select its officers with regards to proper investigative techniques whilst on a narcotics surveillance;

    C. Failure to have clear, concise, and appropriate guidance, including directives, regarding search and seizure for members of the Narcotics Division;

    D. Failure to properly supervise and/or control police officers in the Narcotics Division;

    E. Failure to conduct systematic and complete internal affairs investigations and commanding officers' investigations resulting in appropriate and documented corrective actions at all levels of the Philadelphia Police Department, but especially within the Narcotics Division;

    F. Failure to prevent Plaintiff from being injured by members of the Philadelphia Police Department, where Defendant knew or should have known of the dishonest propensities of said members and the systemic problem of police abuses in their departments;

    G. Failure to have or maintain personnel training procedures necessary to prevent subjecting citizens to the same treatment suffered by Plaintiff; and

    H. Otherwise acting without due regard for the rights, safety, and position of Plaintiff in accordance with his constitutional rights.

77. Defendant, City of Philadelphia Police Department also has a longstanding, extensively documented history of engaging in rampant unlawful conduct in their search and seizure of citizens. A non-exhaustive list includes:

    A. In 1995, members of the City of Philadelphia's 39th Police District, including aforementioned *The Five Squad*, were federally prosecuted and sentenced for violating the civil rights of over 40 Philadelphia citizens. Close to 300 cases were overturned because of their malfeasance;

    B. Within the last ten years, numerous police officers have engaged in conduct causing them to be removed or reassigned from their positions on the force. Police officers, members of the Narcotics Division, engaged in raids of small convenience shops in

  Philadelphia, disabled surveillance, and stole cash and groceries. This illegal behavior was subject to an expose by the Philadelphia Daily News and known as the "Tainted Justice" scandal;

C. In 2014 a federal grand jury indicted Police Officers Thomas Liciardello, Brian Reynolds, Michael Spicer, Linwood Norman, Perry Betts, and John Speiser on federal RICO charges leading to thousands of criminal convictions being overturned and costing the City of Philadelphia, and ultimately the taxpayers, millions of dollars to settle civil cases.

D. Baseline policy states that if a police officer accrues three civilian complaints in a year, supervisor should review the officer's conduct for possible disciplinary action. However, a U.S. Department of Justice report notes that such a policy is "largely untested and unverified".

78. Defendant, City of Philadelphia, is deliberately indifferent to the need to train, supervise, and discipline police officers, including but not limited to the Narcotics Division. The City of Philadelphia Police Department is rife with misconduct and abuse of authority at all levels. A non-exhaustive list includes:

A. Between 2013 and 2016 there were 138 sustained allegations of misconduct against police officers. As of 2018 these sustained allegations had no listed punitive actions;

B. Since 2000, close to one-half (1/2) of police officers, supervisors and commanders who were found by Internal Affairs to have violated departmental policies or engaged in serious misconduct were never formally disciplined;

C. Internal Affairs has failed to sustain 82% of all complaints and 98% of civilian complaints when regarding physical abuse;

D. Police Officers were routinely given merit promotions, despite numerous transgressions.

79. The aforementioned policies, practices, customs, and/or deliberate indifference of Defendant, City of Philadelphia, was the proximate cause of the Plaintiff's injuries and losses and the violation of his constitutional rights.

**WHEREFORE**, Plaintiff, Sean Mills, respectfully requests:

A. Compensatory damages as to all Defendants;

B. Punitive Damages as to Defendants, Christopher Hulmes, Police Officer Reilly, Police Officer Fagan, Police Officer Santiago, Police Officer McCauley, and John Doe Philadelphia Police Officers;

C. Reasonable attorney's fees and costs as to all Defendants; and

D. Such other and further relief as may appear just and appropriate.

Plaintiff hereby demands a jury trial.

/s/ Alan E. Denenberg
Alan E. Denenberg
PA ID No. 54161
adenenberg@adlawfirm.com

Vazken A.E. Zerounian
PA ID No. 308846
vazken@adlawfirm.com

Abramson and Denenberg, P.C.
1315 Walnut Street, Suite 500
Philadelphia, PA 19107
215.546.1345

*Counsel for Plaintiffs*